# EXHIBIT "A"

November 20, 2012 Letter
sent to Plaintiff by Defendant

WILLIAM E. NOONAN
ATTORNEY AT LAW
8250 COLLEGE PARKWAY, SUITE 202
POST OFFICE BOX 07338
FORT MYERS, FLORIDA 33919

(239) 481-0900
FAX: 481-0993

PATENTS, TRADEMARKS & COPYRIGHTS

LICENSING AND LITIGATION

November 20, 2012

Katherine V. Juckett
Chief Executive Officer
Telescope Casual Furniture, Inc.
82 Church Street
Granville, NY 12832

*(Via Certified Mail #7011 2000 0001 4882 0620)*

### RE: Infringement of United States Design Patent No. D496,172
### Owned by Suncoast Aluminum Furniture, Inc.

Dear Ms. Juckett:

I represent Suncoast Aluminum Furniture, Inc. of Fort Myers, Florida in connection with the company's intellectual property matters. As you may know, Suncoast Aluminum manufactures handcrafted furniture, which it distributes worldwide. My client's products are well known and highly regarded throughout the furniture industry. A number of Suncoast Aluminum's designs are uniquely associated with my client and constitute the proprietary trade dress of Suncoast Aluminum. In addition, my client owns a number of United States patents for its designs. Those patents provide my client with the exclusive right to manufacture, sell and use the patented designs within the United States.

Please take particular note of Suncoast Aluminum's United States Patent No. D496,172, a copy of which is enclosed. That patent protects my client's Rosetta Sling brand chair. This has proven to be an extremely popular item in my client's product line.

It has come to my attention that you are advertising and selling, as part of your Ocala Sling Collection, a chair that appears to be a virtually identical copy of Suncoast Aluminum's patented chair design. Your actions are unauthorized and constitute blatant infringement of my client's rights under the United States patent laws. Such infringement will likely subject you to a court injunction, as well as liability for substantial monetary damages. Those damages comprise not only the revenues my client has lost due to your sales of the infringing chair, but also the revenues my client has lost from tables and other pieces of furniture related to the infringing chair design. If your behavior is deemed to be willful, you may be liable for treble damages and required to reimburse Suncoast Aluminum for its attorney fees and costs.

Page 2 of 2
November 20, 2012

We hereby demand the following:

1. You must immediately discontinue all further advertising and sale of the infringing chair, as well as any other piece of furniture that infringes US Patent No. D496,172 or any other patent owned by Suncoast Aluminum;

2. You must identify the source of the infringing chair contained in your Ocala Sling Collection;

3. You must indicate the number of infringing chairs that you have already sold, as well as the quantities of such chairs (i) remaining in your inventory and (ii) ordered but not yet received by you;

4. You must indicate the revenues that you have received from sales of the referenced Ocala Sling chair;

5. You must identify all customers to whom you have sold the referenced Ocala Sling chair and indicate the number of such chairs sold to each customer; and

6. You must also identify any and all other pieces of furniture sold with the referenced Ocala Sling chair and state the revenues that you have received from such other pieces.

Please respond in writing to each of our demands not later than ten (10) days of the date of this letter. After my client has reviewed your responses and the information that you provide, it will determine an appropriate royalty for the infringing sales that you have made to date. Nonetheless, in any event, you are absolutely prohibited from advertising, displaying or selling any more of the infringing chairs at any venue, or by any means including but not limited to catalog and web advertisements. If my client becomes aware of any further unauthorized and infringing activity by you, it will not hesitate to take prompt legal action, without further notice, to protect its invaluable patent rights. Please be advised that if such action is required, my client will demand that it be awarded the maximum damages available to it, as well as reimbursement of all of its legal fees due to your continued willful infringement.

We look forward to your prompt written reply.

Very truly yours,

*[signature]*

William E. Noonan
WEN/pe

US00D496172S1

## (12) United States Design Patent
Pluer

(10) Patent No.: **US D496,172 S**
(45) Date of Patent: ★★ **Sep. 21, 2004**

(54) **CHAIR**

(75) Inventor: **Robert A. Pluer**, Nokomis, FL (US)

(73) Assignee: **Suncoast Aluminum Furniture, Inc.**, Ft. Myers, FL (US)

(\*\*) Term: **14 Years**

(21) Appl. No.: **29/188,526**

(22) Filed: **Aug. 20, 2003**

(51) LOC (7) Cl. ................................................ **06-01**
(52) U.S. Cl. ........................... **D6/376**; D6/375; D6/379
(58) Field of Search ........................ D6/334, 374, 375, D6/376, 379, 380, 500, 501, 502; 297/445.1, 446.1

(56) **References Cited**

### U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D163,449 S | 5/1951 | Eiseman |
| D181,729 S | 12/1957 | Jones et al. |
| D202,104 S | 8/1965 | Melchior |
| D211,334 S | 6/1968 | Schultz |
| D235,712 S | 7/1975 | Laylon |
| D259,078 S | 5/1981 | Deconinck |
| D260,826 S | 9/1981 | Steinberger |
| D277,346 S | 1/1985 | Steinberger |
| D278,105 S | 3/1985 | Ridenour |
| D279,243 S | 6/1985 | Vanderminden |
| D326,373 S * | 5/1992 | Hess ............................ D6/379 |
| D332,355 S | 1/1993 | Maruya et al. |
| D343,964 S | 2/1994 | Gibbs |
| D359,172 S | 6/1995 | Arthur |
| D359,858 S | 7/1995 | Arthur |
| D362,557 S * | 9/1995 | Escalona ...................... D6/375 |
| D364,750 S | 12/1995 | Escalona |
| D364,973 S * | 12/1995 | de Reuver .................... D6/375 |
| D369,477 S | 5/1996 | Arthur |
| D370,359 S | 6/1996 | Tseng |
| D371,684 S | 7/1996 | Caldwell |
| D372,806 S | 8/1996 | Martin |
| D388,969 S | 1/1998 | Goodman |
| D394,560 S | 5/1998 | Lowman et al. |
| D411,925 S * | 7/1999 | Frinier ......................... D6/379 |
| D415,623 S | 10/1999 | Lin |
| D417,345 S | 12/1999 | Bell et al. |
| D426,717 S | 6/2000 | Frinier |
| D426,975 S | 6/2000 | Gaylord et al. |
| D429,424 S | 8/2000 | Vanderminden |
| D431,727 S | 10/2000 | Bell |
| D431,728 S | 10/2000 | Bell |
| D435,978 S | 1/2001 | Pluer |
| D438,397 S | 3/2001 | Pluer |
| D438,398 S | 3/2001 | Frinier |
| D440,065 S | 4/2001 | Goodman |
| D440,423 S | 4/2001 | Frinier |

(List continued on next page.)

### OTHER PUBLICATIONS

Suncoast Furniture Product Catalog (1999–2000), p. 3.
U.S. patent application Ser. No. 29/185,281, Pluer, filed Jun. 25, 2003.
U.S. patent application Ser. No. 29/188,583, Pluer, filed Aug. 20, 2003.
U.S. patent application Ser. No. 29/185,282, Caldwell, filed Jun. 25, 2003.

*Primary Examiner*—Gary D. Watson
(74) *Attorney, Agent, or Firm*—Hahn Loeser & Parks, LLP; Laura G. Barrow

(57) **CLAIM**

The ornamental design of a chair, as shown and described.

### DESCRIPTION

FIG. **1** is a perspective view of the chair showing my new design.
FIG. **2** is a front elevation thereof.
FIG. **3** is a rear elevation thereof.
FIGS. **4** and **5** are side elevation views thereof.
FIG. **6** is a top plan view thereof; and,
FIG. **7** is a bottom plan view thereof.
The fragmented cross-hatching show on the seat and backrest member is understood to represent fabric and would be continuous throughout the circumscribed area.

**1 Claim, 4 Drawing Sheets**



US D496,172 S
Page 2

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D442,383 S | 5/2001 | Bell |
| D442,384 S | 5/2001 | Gonsalves |
| D452,082 S | 12/2001 | Pluer |
| D463,151 S * | 9/2002 | Liu .............................. D6/379 |
| D463,152 S * | 9/2002 | Liu .............................. D6/379 |
| D465,347 S | 11/2002 | Bell |
| D465,670 S | 11/2002 | Bell |
| D482,541 S | 11/2003 | Pluer |
| D482,542 S | 11/2003 | Pluer |
| D482,886 S | 12/2003 | Varshney et al. |

* cited by examiner

**U.S. Patent**    Sep. 21, 2004    Sheet 1 of 4    US D496,172 S



Fig. 1



Fig. 2



Fig. 3

**U.S. Patent**  Sep. 21, 2004  Sheet 3 of 4  US D496,172 S



Fig. 4



Fig. 5



Fig. 6



Fig. 7